UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS LEE RUTLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>MOBURG, et al.,<br><br>Defendants. | No. 2:18-cv-1697 KJN P<br><br><br>ORDER |

Introduction

    Plaintiff is a former county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

Plaintiff's Complaint

Plaintiff claims that defendant Moburg, in an unofficial disciplinary hearing, revoked plaintiff's right to send and receive mail, periodicals and books, with the exception of legal mail. Defendant Moburg allegedly told plaintiff he could write to the jail commander Bohls to seek reinstatement. Plaintiff claims that defendant Bailer, plaintiff's jailer, claimed to have write-ups regarding such charges, but plaintiff alleges defendant Bailer never gave plaintiff the option to read or accept or deny the charges.

Discussion

Initially, plaintiff is advised that he must list all named defendants in both the caption of his pleading, as well as in the defendants' section of his complaint. Fed. R. Civ. P. 10(a). Moreover, although plaintiff lists the Jail Commander Bohls as a defendant, plaintiff includes no charging allegations as to Bohls. Plaintiff's allegation that he was told he could write to the jail commander to seek reinstatement does not state a cognizable civil rights violation. Plaintiff includes no facts as to how the jail commander allegedly violated plaintiff's constitutional rights.

Second, plaintiff is advised that there can be no liability based on the jail commander's supervisory role at the jail. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally

required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Third, plaintiff's allegations concerning the deprivation of mail are too vague and conclusory for the court to determine whether he can state a cognizable civil rights claim.

Under the First Amendment, only mail from an inmate's attorney, or prospective attorney, constitutes "legal mail" that, when appropriately labeled, is entitled to greater protection than other mail. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (stating that legal mail must be specifically marked as originating from an attorney). As to non-legal mail, an inmate retains First Amendment rights not inconsistent with his status as a prisoner and with legitimate penological objectives of the corrections system. See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dept. of Corrections, 364 F.3d 1148, 1151 (9th Cir. 2004). Thus, an inmate has a First Amendment right to receive mail; however, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain

4

institutional security.'" Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001); Prison Legal News v. Cook, 238 F.3d 1145 (9th Cir. 2001). A prisoner also has a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail has been withheld by prison authorities. Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999). Nevertheless, prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression. See Procunier v. Martinez, 416 U.S. 396, 411-12 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 412-14 (1989); Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (jail personnel may regulate speech if a restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression, citing Turner v. Safley, 482 U.S. 78, 92 (1986)). "Prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996).

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no

5

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 13, 2018

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/rutl1697.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS LEE RUTLEDGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOBURG, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1697 KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff